UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

DEC - 3 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHERYL LADNER KIMBROUGH, ) <br> ) <br> Defendant. ) | 4:20CR754 AGF/NAB |

**COUNTS 1-5**
**WIRE FRAUD: 18 U.S.C. § 1343**

The Grand Jury charges that:

**INTRODUCTION**

1. From on or about September 2, 1963 to on or about July 1, 1999, A.L., the mother of defendant **CHERYL LADNER KIMBROUGH**, was employed as a teacher with the St. Louis public school system.

2. Following A.L.'s retirement in 1999, she began receiving monthly pension fund benefits from the Public School Retirement System of the City of St. Louis ("PSRSSTL"), which provides retirement, disability, death and survivor benefits for employees of the St. Louis Public School District, among others. PSRSSTL, which is located in the Eastern District of Missouri, maintains U.S. Bank account * *** **** 5517.

3. A.L. received monthly pension benefits via direct deposit into Bank of America checking account **** **** 4920, which she held jointly with her daughter, Defendant Kimbrough. A.L.'s monthly pension benefit generally ranged from approximately $1,706.77 to approximately $1,846.53.

4. During her retirement, A.L. resided with Defendant Kimbrough in the Southern District of Texas.

5. Each of PSRSSTL's pension fund payments intended for A.L. was routed through U.S. Bank's server in the State of Minnesota before being deposited into Bank of America account **** **** 4920, which is located in the State of Delaware.

6. A.L. became deceased on or about September 16, 2012. The last PSRSSTL pension payment to which she or her heirs was entitled was paid into Bank of America account **** **** 4920 on or about October 1, 2012. Beyond this payment, there were no additional pension payments that A.L.'s beneficiaries, including Defendant Kimbrough, were entitled to receive.

7. PSRSSTL continued to make monthly payments into Bank of America account **** **** 4920 until it learned of A.L's death in or about October of 2019. PSRSSTL deposited approximately $149,475.76 in unauthorized payments into Bank of America account **** **** 4920 following A.L.'s death.

## THE SCHEME TO DEFRAUD

8. From in or about November of 2012 through in or about October of 2019, Defendant Kimbrough devised and intended to devise a scheme to defraud PSRSSTL, and to obtain money and property by means of material omissions and materially false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

9. It was a part of the scheme that Defendant Kimbrough had never been employed by the St. Louis public school system and was not an authorized recipient of payments from the PSRSSTL pension fund.

10. It was further a part of the scheme that from in or about November of 2012 until in or about October of 2019, Defendant Kimbrough fraudulently received monthly pension fund payments intended for her mother, which were initiated from PSRSSTL U.S. Bank account * *** **** 5517 and deposited into Defendant's Kimbrough's Bank of America account **** **** 4920. The unauthorized, fraudulent payments Defendant Kimbrough received totaled approximately $149,475.76.

11. It was further a part of the scheme that Defendant Kimbrough concealed that the pension fund payments were made to her, rather than to her mother A.L., by continuing to receive the payments into a joint bank account containing A.L.'s name for several years after A.L.'s death.

12. It was further a part of the scheme that Defendant Kimbrough, knowing that she was not an authorized recipient of those payments, used her deceased mother's pension benefits for personal expenses, including but not limited to paying Nordstrom credit card bills.

13. It was further a part of the scheme that Defendant Kimbrough, knowing that she was not an authorized recipient of those pension fund payments, transferred the funds to Bank of America accounts **** **** 0330 and **** **** 4977, of which she is the owner.

14. It was further a part of the scheme that the majority of transfers in and out of Bank of America account **** **** 4920 following A.L.'s death involved Defendant Kimbrough's receipt, and then transfer or expenditure, of the monthly PSRSSTL pension payments intended for A.L.

15. It was further a part of the scheme that at no time did Defendant Kimbrough notify PSRSSTL of A.L.'s death such that it would stop making monthly pension payments to A.L.

16. It was further a part of the scheme that, in addition to the pension fund payments, PSRSSTL continued to pay taxes and insurance premiums in connection with A.L.'s pension benefit before learning of her death in October of 2019.

17. It was further a part of the scheme that Defendant Kimbrough's receipt of unauthorized pension fund benefits into Bank of America account **** **** 4920 after the death of A.L., along with PSRSSTL's payment of accompanying taxes and insurance premiums, resulted in a net loss of approximately $191,262.09 to PSRSSTL.

## COUNTS 1-5

18. Paragraphs 1-17 are hereby re-alleged and incorporated herein.

19. On or about each of the dates set forth below, in the Eastern District of Missouri and elsewhere, defendant **CHERYL LADNER KIMBROUGH** for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, in the form of deposits from PSRSSTL U.S. Bank account * *** **** 5517, which were routed through a server located in the State of Minnesota, into Bank of America account **** **** 4920, which is located in the State of Delaware, each transmission constituting a separate count of interstate wire fraud:

| Count | Date | Amount |
|---|---|---|
| 1 | 5/1/2019 | $1,706.77 |
| 2 | 6/3/2019 | $1,706.77 |
| 3 | 7/1/2019 | $1,706.77 |
| 4 | 8/1/2019 | $1,706.77 |
| 5 | 9/3/2019 | $1,706.77 |

4

All in violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATION**

1.  The allegations contained in Counts 1-5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1-5 of this Indictment, the defendant, **CHERYL LADNER KIMBROUGH**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3.  Subject to forfeiture is no less than $191,262.09, which is a sum of money equal to the value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated: _____                      A TRUE BILL.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　FOREPERSON

　　　　　　　　　　　　　　　　　　　　　JEFFREY B. JENSEN
　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Meredith L. Reiter #6325095(IL)
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney